**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **AGSTAR FINANCIAL SERVICES,** | ) | |
| **FLCA and AGSTAR FINANCIAL** | ) | |
| **SERVICES, PCA,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:09-cv-272** |
| | ) | |
| **ROCK CREEK DAIRY** | ) | |
| **LEASING, LLC, et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

On October 1, 2009, Plaintiffs filed a complaint alleging several breach of contract

claims, claiming that several mortgages and notes they hold on land owned by the Defendants

are in default, and seeking foreclosure. (Compl. 15-19.)  The Plaintiffs also filed a motion asking

the Court to appoint a receiver to take custody of and administer the properties in question.

Plaintiffs' jurisdictional allegations, however, inadequately set forth the citizenship of

some of the defendants.  Plaintiffs claim that Defendants Paragon Construction Company of Fort

Wayne and Red Iron Construction, Inc are Indiana corporations. (Compl. ¶ 8, 9.)  Plaintiffs also

allege that Defendant Deere & Company is a Delaware corporation authorized to do business in

Indiana (Compl.¶ 10) and Defendant Vet Pharm, Inc. is an Iowa Corporation authorized to do

business in Indiana. (Compl. ¶ 11.)  Finally, Plaintiffs allege that Defendant HD Supply

Construction Supply Ltd. is a Florida limited partnership and that its general partner, Huges GP

& Management, Inc., is a Delaware corporation and citizen.

Corporations "are deemed to be citizens of the state in which they are incorporated *and*

of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp*.,

899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1).  Plaintiffs have

only indicated the state of incorporation of Defendants Paragon Construction Company, Red Iron

Construction, Inc, Deere & Company, Vet Pharm, Inc., and Hughes GP & Management, Inc. (the

general partner of HD Supply), and must therefore amend their complaint to provide the Court

with each party's principal place of business.

Furthermore, "a limited partnership has the citizenships of each partner, general and

limited." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (emphasis

added).  The Plaintiffs have only indicated that the general partner of Defendant HD Supply,

Hughes GP & Management, Inc., is a Delaware corporation and have failed to discuss the

citizenship of each limited partner.  Thus, the court would "need to know the name and

citizenship(s) of [HD Supply's] general *and* limited partners." *Guar. Nat'l Title Co.*, 101 F.3d at

59 (emphasis added); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th

Cir. 2002).  As noted previously, the Plaintiffs must also provide the Hughes GP & Management,

Inc.'s principal place of business.  Moreover, "the citizenship of unincorporated associations

must be traced through however many layers of partners or members there may be." *Meyerson*,

312 F.3d at 320; *see also Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998)

("[B]oth general and limited partnerships are citizens of every jurisdiction of which any partner

is a citizen.").

Plaintiffs are hereby ordered to file an amended complaint forthwith that properly

identifies the principal place of business of Defendants Paragon Construction Company, Red

Iron Construction, Inc, Deere & Company, Vet Pharm, Inc., and Hughes GP & Management,

Inc., as well as the citizenship of each limited partner of Defendant HD Supply.

SO ORDERED.

Enter for October 1, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge