# UNITED STATES FEDERAL COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| AGSTAR FINANCIAL SERVICES FLCA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )    CASE NO. 1:09-cv-272 |
| ROCK CREEK DAIRY LEASING, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Before the Court is a Motion for Entry of Order Approving the Sale of Cattle (Docket # 112) filed on February 22, 2010, by Roach & Associates, LLC, the appointed Receiver in this action (the "Receiver"), requesting that the Court enter an order approving its sale of all of the cattle located at Andrews Dairy *after* the sale had occurred.[1]  On March 12, 2010, Intervenor DeGroot Dairy, LLC, filed an objection to the Receiver's motion, together with a motion to set aside the sale (Docket # 132, 134), asserting that a substantial number of cows at Andrews Dairy belonged to DeGroot and that therefore the Receiver "illegally converted DeGroot's property".[2] The Receiver's and DeGroot's motions will both be DENIED.

To explain, the Receiver and DeGroot apparently agree on at least one point—that some, but not all, of the cattle located at Andrews Dairy and sold by the Receiver were indeed Rock

---

[1] This Order assumes the reader is familiar with the factual and legal background of this case.

[2] DeGroot also filed a motion to strike certain materials relied upon by the Receiver in its motion for an order approving the sale. (Docket # 133, 135.)  Because the Receiver's motion warrants denial even when considering the materials DeGroot seeks to strike, the motion to strike will be DENIED AS MOOT.

Creek cattle. (*See* Receiver's Mot. for Entry of Order Approving the Sale of Cattle 4 (asserting that "all but approximately 100 cows at Andrews Dairy were Receivership Property"); DeGroot's Objection to the Receiver's Motion for Entry of Order Approving the Sale of Cattle 3 (stating that "a substantial number of cows at the farm belonged to DeGroot and were not AgStar collateral").) Stated another way, both the Receiver and DeGroot concede that neither one owned *all* of the cattle located at Andrews Dairy.

Consequently, to the extent the cattle were Rock Creek's, the Receiver does not need an order approving the sale since under the Order Appointing Receiver dated October 7, 2009 (Docket # 26), it already had authorization to preserve, manage, safeguard, and dispose of Rock Creek's livestock. (Order Appointing Receiver ¶¶ 2, 17, 20.) And as to the remaining cattle, some apparently owned by DeGroot and some owned by Vreba-Hoff (the "Okla" cattle) (*see* Vreba-Hoff's Answer to National City Bank's First Set of Interrogs. Nos. 12, 15), the Court cannot approve the sale of property falling outside the Receivership estate and therefore beyond the Court's purview. *See generally McCollum v. Malcomson*, 358 N.E.2d 177 (Ind. Ct. App. 1976). Thus, for the foregoing two reasons, the Receiver's motion to approve the sale of the cattle located at Andrews Dairy will be denied.

As to DeGroot's motion to set aside the sale and order return of the cattle, that too must be denied. The Receiver shipped the cattle to the purchaser more than four weeks ago; the purchaser now has possession and control of the cattle; and there is no indication concerning the whereabouts of the cattle, their present number, or condition. Moreover, the Court does not have jurisdiction over the purchaser since it has not been named a party to this action, and consequently the Court cannot compel it to return the cattle even if the circumstances warranted

such a result. *Cf. Bastian v. Lakefront Realty Corp.* 581 F.2d 685, 691 (7th Cir. 1978) (concluding in a case involving a request for injunctive relief and the sale of real property that the court had jurisdiction to compel restoration to the status quo where the purchaser intervened in the suit and had possession and control of the real property in question); *see generally United States ex rel. Gulbronson v. D & J Enterprises*, No. 93-C-233-C, 1993 WL 767689, at *4 (W.D. Wis. Dec. 23, 1993) ("As a general rule, an action to set aside a contract should not proceed without the presence of all parties to the contract." (citation omitted)). Thus, the Court simply cannot provide the relief DeGroot seeks.[3]

Therefore, the Receiver's Motion for Entry of Order Approving the Sale of Cattle (Docket # 112) and DeGroot's Motion to Set Aside Sale of Cattle (Docket # 134) are both DENIED. In addition, DeGroot's motion to strike (Docket # 133) and corrected motion to strike (Docket # 135) are both DENIED AS MOOT.

SO ORDERED.

Entered this 25th day of March, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[3] DeGroot also requests in a two-sentence, undeveloped argument at the end of his brief, that the Receiver should now be required to post a bond of at least $1,000,000. (Resp. Br. 13.) It should be noted that at the time the Receiver was appointed, no party then in the case opposed the Receiver's appointment without a bond or requested a bond. (*See* Docket # 3, 4, 27.) Besides, even if a bond had been posted, it would not extend to such actions as selling non-Rock Creek cattle, that is, to the personal liability of the Receiver for conversion. *See* 65 AM. JUR. 2D RECEIVERS § 298 ("If a receiver takes possession of property not included in the trust, he or she is liable personally as for a trespass or conversion . . . . His or her official character is no defense."); 75 C.J.S. RECEIVERS § 509 ("[T]he liability of the surety extends only to cases of violations of duties falling within the scope of the order of appointment or to cases involving acts which pertain to the receivership. Accordingly, the surety is not liable for the taking or the loss or misapplication of money or other property which the receiver, as such, was not entitled to take . . . ."). Furthermore, the Court has sequestered approximately $1,000,000 from the cattle sale proceeds, which should provide ample security for any claims. (Docket # 115, 127.)